UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MELANIE BASS

                                                PLAINTIFFS

CIVIL ACTION NO. 1:06CV00034-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY           DEFENDANT


**<u>ORDER OVERRULING DEFENDANT'S MOTION REQUESTING
IMPLEMENTATION OF CERTAIN PROCEDURES REGARDING JURY SELECTION</u>**


       This cause is before the Court on Defendant's motion to implement certain procedures regarding jury selection. The court finds as follows:

       A venire of 30-40 persons has been summoned for this particular case. We will not select a jury for any other case. The jurors were summoned from the southern (or Biloxi) division prior to this motion being filed. Therefore, our courtrooms are adequate in size for jury selection. It should be pointed out that courtroom size was not an issue in Broussard v. State Farm or Tejedor v. State Farm; instead, members of the venire were excused from reporting if they responded in the affirmative as to whether they or any members of their family were a plaintiff in any lawsuit resulting from property damage due to Hurricane Katrina.

       This court, with the cooperation of counsel, will permit extended voir dire of the venire in an attempt to seat a jury capable and willing to decide the case solely on the evidence before it. If, and when, it appears that a fair and impartial jury from the southern division of this court cannot be impaneled, the court will then consider expanding jury selection to the entire Southern District of Mississippi.

       The defendant has failed to set forth any grounds that would justify this court to allow the defendant to inspect the contents of records and papers utilized by the court in the jury selection process. To do so on this state of the record would be tantamount to permitting the defendant to engage in a "fishing expedition" for error.

       This court has invited the defendant to propose a fair and balanced questionnaire to be sent to prospective jurors along with the jury summons and the Court's standard questionnaire. However, in this case, defendant's proposed questionnaire was not received by the court until after the juror summons and questionnaire had been issued and mailed to the prospective jurors. As in Broussard and Tejedor, the court sent a single question to each prospective juror as

follows: "Are you or any members of your family a plaintiff in any lawsuit resulting from property damage due to Hurricane Katrina?"  In any event, the questionnaire proposed by the defendant is too overreaching.  Again, I would remind counsel for the defendant that the court will allow extended voir dire in an effort to seat a fair and impartial jury that will make its decision on the evidence presented during the trial.

     Ordered this 2nd day of March, 2007.

                                              <u>S/L. T. SENTER, JR.</u>
                                              Senior District Judge